UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gary M. Porter,
     Plaintiff

     v.                                    Civil No. 04-cv-176-SM
                                           Opinion No. 2005 DNH 157
Governor of the State of
New Hampshire, et al.,
     Defendants

**O R D E R**

Gary Porter, an inmate in the New Hampshire State Prison ("NHSP"), brings suit claiming that his Eighth Amendment rights have been violated by the NHSP's alleged deliberate indifference to his serious medical needs. 42 U.S.C. § 1983. Porter is an insulin-dependent diabetic. He asserts that prison officials have subjected him to cruel and unusual punishment by denying him medically necessary between-meal snacks and by inadequately medicating and monitoring him. Before the court is defendants' unopposed motion for summary judgment.

Based upon the undisputed factual record produced by defendants, they are entitled to judgment as a matter of law. It is undisputed that: (1) Porter's blood sugar levels are checked

three times a day, and his housing unit is subject to hourly rounds by corrections officers; (2) he is given insulin injections three times a day; (3) he is provided a diet (three meals plus one snack) designed by a dietician, approved by a physician, and comprised of foods and beverages recommended by the American Diabetic Association; and (4) food such as orange juice is kept in close proximity to his cell, for immediate administration in the event of a low-blood-sugar episode.  While Porter has suggested in various pleadings that he should be allowed more than one between-meal snack, defendants' decision to follow a treatment program recommended by Porter's physician and a dietician, rather than one of Porter's own design, hardly qualifies as actionable "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Because defendants are entitled to judgment as a matter of law on the undisputed factual record, see Fed. R. Civ. P. 56(c), defendants' motion for summary judgment (document no. 47) is granted.  The clerk of the court shall enter judgment for defendants and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 18, 2005

cc: Gary M. Porter, pro se
    Mary E. Maloney, Esq.